Johnson, J.
delivered the opinion of the Court.
As the Court has not been furnished with the views of the presiding Judge, and the case has been submitted upon the brief without argument, I am at a loss to conjecture what course of reasoning led to the verdict which has been fouud. If the verdict was not capricious, which sometimes happens with the most intelligent juries, it is possible that it was founded on the supposition, that the right of Aaron Allen to retain possession of the slave was dependant on his fufilling his part of the agreement. But this position cannot be maintained.
Whether covenants or conditions are dependant or independent, precedent or subsequent, is not to be determined by the use of any set form of words, but is to be collected from the intention of the parties as expressed in their covenant or agreement. Of course one case can seldom govern another; but it may be laid down as a general rule, that a dependant covenant presupposes some act to be done by the party contracted with, before any obligation is imposed on the party to be bound. The present case, in one particular, furnishes an illustration of the rule. Aaron Allen undertakes to support and defray the expenses of his mother during her life; but that undertaking is predicated upon, and presupposes that the plaintiff would first deliver to him the slaves mentioned in the agreement: and until this was done, he was under no legal obligation.
But there is nothing in the agreement itself, from which it can be inferred, that the undertaking of Aaron Allen, to support and defray the expenses of his mother, should precede the delivery of the slaves to him, and his consequent right to retain them in his possession after they were delivered. The plaintiff might have reserved to himself the right to resume the possession, *146 on the failure of Aaron Allen to perform his part oí the agree*” ment; but the articles contain no such stipulation, nor does it contain any thing from which such an inference can be drawn. It is therefore the common case of an undertaking, on a sufficient consideration, to. do a partial act, for the breach of which an action lies. Com. Dig. Condition, B. 1. note (f.) Am. Ed.
There is another' view of this case. The undertaking of Aaron Allen to support his mother during her life, was a sufficient consideration for the plaintiff’s parting with the possession of the slaves; and the right to resume the possession is not reserved by the agreement, but, on the contrary, their services and labour are, in express terms, appropriated and set apart for the support of his wife. . This makes Aaron Allen the trustee for that purpose; and it is a trust which Equity would doubtless specifically enforce: but the agreement does not in any event contemplate the return of the property to the plaintiff. Indeed such a conclusion is in direct opposition to its obvious import. The remedy has therefore been misconceived, and this motion must prevail.
Motion granted.